Revised 03/06 WDNY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

### FORM TO BE USED IN FILING A COMPLAINT
### UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

14CV0147 A

All material filed in this Court is now available via the **INTERNET**.  See **Pro Se Privacy Notice** for further information.

### 1. CAPTION OF ACTION

**A.**    **Full Name And Prisoner Number of Plaintiff:  NOTE:**  *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. Michael F. Ramsey, #91B2334
2. _____

-VS-

*(stamp: UNITED STATES DISTRICT COURT FILED MAR 3 2014 MICHAEL ... WESTERN DISTRICT OF ...)*

**B.**    **Full Name(s) of Defendant(s) NOTE:**  *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. Brian Fischer
2. Mark Bradt
3. Michelle Artus
4. S. Michalek
5. L. Conners
6. J. Goodrich

7. V. Hawley; 8. Officer Wegner; 9. John Doe #1; 10. John Doe #2; John Doe #3

### 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States.  This action is brought pursuant to 42 U.S.C. § 1983.  The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION  NOTE:**  *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff:  Michael F. Ramsey #91B2334

Present Place of Confinement & Address:  Attica Correctional Facility
Box 149, Attica, New York 14011-0149

Name and Prisoner Number of Plaintiff: _____

Present Place of Confinement & Address: _____

**DEFENDANT'S INFORMATION** NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: Brian Fischer

(If applicable) Official Position of Defendant: Commissioner of DOCCS

(If applicable) Defendant is Sued in _____ Individual and/or X Official Capacity

Address of Defendant: The Harriman State Campus - Building #2, 1220 Washington Ave, Albany, New York

Name of Defendant: Mark Bradt

(If applicable) Official Position of Defendant: Superintendent of Attica Corr. Facility

(If applicable) Defendant is Sued in X Individual and/or X Official Capacity

Address of Defendant: Attica Correctional Facility, Box 149, Attica, New York 14011-0149

Name of Defendant: Michelle Artus

(If applicable) Official Position of Defendant: Deputy Superintendent of Administration

(If applicable) Defendant is Sued in X Individual and/or X Official Capacity

Address of Defendant: Attica Correctional Facility.

Note: All other named Defendants Address is the Attica Correctional Facility. See Attached Complaint

### 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.     Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action?**
      Yes X    No ____

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.     Name(s) of the parties to this other lawsuit:

      Plaintiff(s): Michael F. Ramsey

      Defendant(s): Brian Fischer and Mark Bradt

2.     Court (if federal court, name the district; if state court, name the county): Wyoming County Supreme Court

3.     Docket or Index Number: 21,254-12

4.     Name of Judge to whom case was assigned: Dadd, A.J.S.C.

5.   The approximate date the action was filed: _August 20, 2012_____

6.   What was the disposition of the case?

Is it still pending?  Yes _X_  No____

If not, give the approximate date it was resolved. _Appealed to Fourth Department Appellate Division_

Disposition (check the statements which apply):

____ Dismissed (check the box which indicates why it was dismissed):

____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

____ By court for failure to exhaust administrative remedies;

____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

____ By court due to your voluntary withdrawal of claim;

____ Judgment upon motion or after trial entered for

____ plaintiff

____ defendant.


B.   Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

Yes _X_   No____

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1.   Name(s) of the parties to this other lawsuit:

Plaintiff(s): _See Attached Complaint_____

_____

Defendant(s): _____

_____

2.   District Court: _____

3.   Docket Number: _____

4.   Name of District or Magistrate Judge to whom case was assigned: _____

_____

5.   The approximate date the action was filed: _____

6.   What was the disposition of the case?

Is it still pending?  Yes____  No____

If not, give the approximate date it was resolved. _____

Disposition (check the statements which apply):

\_\_\_\_ <u>Dismissed</u> (check the box which indicates why it was dismissed):

    \_\_\_\_ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

    \_\_\_\_ By court for failure to exhaust administrative remedies;

    \_\_\_\_ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

    \_\_\_\_ By court due to your voluntary withdrawal of claim;

\_\_\_\_ <u>Judgment</u> upon motion or after trial entered for

    \_\_\_\_ plaintiff

    \_\_\_\_ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983.  (This list does not include **all** possible claims.)

- Religion
- Free Speech
- Due Process
- Equal Protection

- Access to the Courts
- False Arrest
- Excessive Force
- Failure to Protect

- Search & Seizure
- Malicious Prosecution
- Denial of Medical Treatment
- Right to Counsel

**Please note that** it is not enough to just list the ground(s) for your action.  You **must** include a statement of the facts which you believe support each of your claims.   In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted.  Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

### Exhaustion of Administrative Remedies

Note that according to 42 **U.S.C.** § **1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must <u>provide</u> <u>information</u> about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must <u>attach</u> <u>copies</u> of any decisions or other documents which indicate that you have exhausted your remedies for <u>each</u> claim you assert in this action.

A. **FIRST CLAIM**: On (date of the incident) March 30, 2012, Defendant John Doe #2,
defendant (give the **name and position held** of **each defendant** involved in this incident) the Special Housing
Unit Sergeant, had Plaintiff moved into a cell were Plaintiff
was forced to sleep in urine and feces covered mattress for seven days,
did the following to me (briefly state what each defendant named above did): and was deprived of
his (Plaintiff's) medication and Religious diet. Brian Fischer, Mark
Bradt, Michelle Artus, S. Michalek and V. Hawley were envolved
in this claim. See Attached Complaint.
           Plaintiff was deprived of Medication from
March 30, 2012 until August, 2012, and again from August,
2012 until now as Plaintiff is still being denied his
prescribed medication

The constitutional basis for this claim under 42 U.S.C. § 1983 is: Right to practice Religion and
to be free from cruel and unusual punishment

The relief I am seeking for this claim is (briefly state the relief sought): See attached Complaint

---

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? __X__ Yes _____ No  If yes, what was the result? see attached
Proof of Exhaustion Statement and Exhibits

Did you appeal that decision? __X__ Yes _____ No  If yes, what was the result? see Attached

---

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: In the cases were
my grievances or appeals were not answered, I have attached copies
of the relevant documents.

---

A. **SECOND CLAIM**: On (date of the incident) August 3, 2012, Defendant L. Conners
defendant (give the **name and position held** of **each defendant** involved in this incident) took disciplinary
action against the Plaintiff by removing Plaintiff from the
Kosher Meal program for allegedly violating one of the Kosher

did the following to me (briefly state what each defendant named above did): diet rules. However, Plaintiff was never given notice of the charges, a hearing, or an opportunity to be heard, and has never, since August 3, 2012, been allowed to receive Kosher meals. Defendants Fischer, Bradt, L. Conners, J. Goodrich, Officer Wagner, John Doe #1, and John Doe #3, were envolved in this claim.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: Right to Practice Religion and Due process of Law

The relief I am seeking for this claim is (briefly state the relief sought): See attached complaint

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? __X__ Yes _____ No  If yes, what was the result? Appeal was rejected and Grievance were not responded to

Did you appeal that decision? __X__ Yes _____ No  If yes, what was the result? See Attacked

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

See Attached Complaint

Do you want a jury trial? Yes __X__ No_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _Janurary 2, 2014_____
                              (date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

Michael F. Ramsey # 9182334
_____
Signature(s) of Plaintiff(s)

In The United States District Court
For The Western District Of New York

Michael F. Ramsey, 91B2334

              Plaintiff,


      V.


Brian Fischer; Mark Bradt; Michelle
Artus; S. Michalek; L. Conners; J. Goodrich;
V. Hawley; Officer Wagner; John Doe #1;
John Doe #2; John Doe #3,

              Defendants.


      42 U.S.C. § 1983
      Complaint
      Civil Action No. _____

---

## I   Complaint

1. Plaintiff, Michael F. Ramsey, Pro se,
for his complaints state as follows:

## II   Parties, Jurisdiction And Venue

2. Plaintiff, Michael F. Ramsey, was
confined in the Attica Correctional Facility,
located at 639 Exchange Street in the

City of Attica in the State of New York, where he has been confined since March, 2012.

3. Plaintiff, Michael F. Ramsey, is, and was at all times mentioned herein, an adult citizen of the United States and a resident of the State of New York.

4. Defendant Brian Fischer was at all times relevant herein the Commissioner of the New York State Department of Corrections and Community Supervision, with responsibility for operating and maintaining correctional facilities within the State of New York, including the Attica Correctional Facility.

5. Defendant Mark Bradt is, and was at all times herein relevant, the Superintendant of the Attica Correctional Facility. As Superintendant of the facility, Defendant Bradt manages its day-to-day operations and executes its policies.

6. Defendant Michelle Artus is, and was at all times herein relevant, the Deputy Superintendant of Administration at the Attica Correctional facility. As Deputy Superintendant of Administration, Defendant Artus supervises and manages the day-to-day administrative functions

(2)

and executes its policies.

7. Defendant S. Michalek is, and was at all times herein relevant, the Nurse Administrator at the Attica correctional facility. As Nurse Administrator, Defendant Michalek is responsible for arranging for appropriate diagnosis and treatment of inmates medical needs.

8. Defendant L. Conners is, and was at all times herein relevant, the Food Service Administor at the Attica Correctional facility. As the Food Service Administrator, Defendant Conners has the responsibility for managing ~~the~~ "Special" Diets for inmate, which includes Medical and Religious (CAD) Diets.

9. Defendant J. Goodrich is, and was at all times herein relevant, Acting Deputy Superintendent of Programs at the Attica Correctional Facility. As Acting Deputy Superintendent of Programs, Defendant Goodrich is responsible for managing the Program Services at the facility, including Religious Programs and the Cold Alternative Diet (CAD) program.

(3)

10. Defendant V. Hawley is, and was at all times herein relevant, the special Housing Unit (SHU) nurse at the Attica Correctional Facility. As the SHU nurse, Defendant Hawley was responsible for making Sick-call rounds in SHU to meet with, and provide health care treatment to, SHU inmates.

11. Defendant Wagner is, and was at all times herein relevant, a Correction officer at the Attica correctional facility assigned to 31 and 32 company in C-Block. As the 31-32 company officer, Defendant Wagner was responsible for taking the chow/exercise list, and for letting inmates out of their cells so that they can attend chow and exercise.

12. Defendant John Doe#7 is, and was at all times herein relevant, a Correction officer at the Attica Correctional Facility, assigned to 31-32 company in C-Block. As the 31-32 company officer, Defendant John Doe#7 was responsible for taking the chow/exercise list, and for letting inmates out of their cells so that they can attend chow and exercise.

(4)

13. Defendant John Doe #2 is, and was at all times herein relevant, the Special Housing Unit (SHU) Sergeant at the Attica correctional facility. As the SHU Sergeant, Defendant John Doe #2 is responsible for managing the Special Housing Unit's day-to-day operations and executing its policies.

14. Defendant John Doe #3 is, and was at all times herein relevant, a correction officer at the Attica Correctional facility, assigned to 31-32 company in C-Block. As the 31-32 company officer, Defendant John Doe #3 was responsible for taking the chow/exercise list, and for letting inmates out of their cells so that they can attend chow and exercise.

15. This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation, under color of State Law, of rights guaranteed by the first, eighth and fourteenth Amendments to the U.S. Constitution and the Religious Land Use and Institionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1.

16. Plaintiff's claims for injunctive

(5)

relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

17. This cause of Action arose in the Western District of New York. Therefore, Venue is proper under 28 U.S.C. Section 1391(b).

## III Previous Lawsuits

18. Plaintiff has not filed any other Lawsuits dealing with the same facts involved in this action.

19. Plaintiff has previously filed the following Lawsuits in Federal Court:

a. Ramsey v. Irvin, 89-cv-1455 (N.D.N.Y - Dismissed)
b. Ramsey v. Squires, 91-6352T (W.D.N.Y - Dismissed)
c. Ramsey v. Gannett Roch., 92-cv-0075I (W.D.N.Y - Dismisse
d. Ramsey v. Coughlin, 93-cv-3658 (W.D.N.Y - Settled)
e. Ramsey v. Busch, 93-cv-7218 (W.D.N.Y - Dismissed)
f. Ramsey v. Coughlin, 94-cv-95(F)(W.D.N.Y - Dismissed)
g. Ramsey v. Coughlin, 94-cv-844 (N.D.N.Y - Settled)
h. Ramsey v. Goord, 05-cv-47A (W.D.N.Y - Settled)

## ▇ IV Exhaustion Of Remedies

20. I used the prison grievance

procedure in this facility to try to solve
my problems and have attached a "Proof of
Exhaustion" Statement and Exhibits to
this complaint.

## V   Statement Of Claim

21. Plaintiff re-allege and incorporate
by reference paragraphs 1 through 20 herein.
22. At all times relevant herein,
defendants were "persons" for the purposes
of 42 U.S.C. Section 1983 and acted under
color of State Law to deprive Plaintiff
of his constitutional rights as set forth
more fully below.

## VI   Statement Of Facts

23. In March, 2012, Plaintiff received a one
year prescription of Glucosamine, from a
Department Doctor at the Green Haven
correctional facility, to treat degenerative
joint condition in both of Plaintiff's knees
and his left shoulder.
24. On March 30, 2012, Plaintiff was
transferred from the Green Haven correctional

(7)

facility to the Attica Correctional facility. The Medical Department at Green Haven shipped one weeks supply of Plaintiff's prescribed medication with Plaintiff when he was transferred to Attica.

25. When Plaintiff arrived at Attica, on March 30, 2012, he was taken directly to the Special Housing Unit (SHU) and his medication was confiscated. ▪▪ At that time Plaintiff was advised that his medication would be transferred, ▪ from the plastic pill bottle it came in, to a paper medical envelope and ▪▪ then given to Plaintiff in the morning.

26. Plaintiff arrived in SHU at approximately 5:30 pm, on March 30, 2012, and an arrival interview was conducted by Defendant John Doe #2. During this interview Plaintiff advised Defendant John Doe of his (Plaintiff's) religion and signed the SHU Kosher Meal (CAD diet) contract.

27. After the arrival interview, Defendant John Doe #2 had Plaintiff moved into a cell which was filthy ▪ and contained a feces and urine saturated mattress. Plaintiff immediately demanded

(8)

to be moved to another cell, or to be
given a new mattress and an opportunity
to clean the cell he was placed in.

28. On the morning of March 31, 2012,
Plaintiff ~~again~~ stopped the SHU staff
during their rounds and again demanded
a new mattress and a move to a clean cell.
Plaintiff also asked for his medication,
which, he had been told, would be given to
him that morning, and for his Kosher
meals that he had signed for during
his arrival interview.

29. April 2, 2012, Plaintiff stopped
Defendant Bradt during his (Bradt's)
rounds of SHU. At that time Plaintiff showed
Defendant Bradt the fece/urine saturated
mattress he was sleeping on, and personally
advised Defendant Bradt about the
problems with Plaintiff's medication
and Kosher diet.

30. On April 2, 2012, Plaintiff requested
sick-call and Defendant Hawley came to
Plaintiff's cell. At that time Defendant
Hawley told Plaintiff that his (Plaintiff's)
prescription for Glucosamine had been
discontinued and that the medication, which
was shipped to Attica, had been destroyed.

(9)

31. After being forced to sleep on a urine and fece covered mattress, and deprived of his medication and kosher diet, for four days, Plaintiff wrote four grievances, on April 3, 2012, about the mattress, medication, kosher diet and legal supplies. Plaintiff placed all four of these grievances in the same envelope and sent them to the Grievance office.

32. The next day, April 4, 2012, Plaintiff received a letter, from Defendant Connees, and a second kosher (CAD) diet contract, which Plaintiff signed and returned to the food service office. Approximately two days later Plaintiff began to receive kosher meals but not sabbath items.

33. On April 6, 2012, SHU staff removed the feces/urine covered mattress from Plaintiff's cell and provided Plaintiff with a new mattress.

34. On April 9, 2012, the grievance Sergeant (Sgt. Condon) came to Plaintiff's cell and confirmed that Plaintiff had received a new mattress and writing paper, as he (Sgt. Condon) was investigating Plaintiff grievances about the legal supplies (A-59499-12) and mattress (59501-12).

35. In addition to speaking to him (Defendant Bradt) in person about the problems with the medication, Plaintiff also sent Defendant Bradt several letters, beginning on March 31, 2012, specifically advising Defendant Bradt of the fact that his (Bradt's) staff had confiscated and destroyed Plaintiff's medication, without ▬▬▬ explanation, and had discontinued Plaintiff's prescription.

36. Between March 31, 2012, and August, 2012, Plaintiff communicated back and forth, in dozens of letters, with Defendants Fischer, Bradt, Artus and Michalek, about their stead-fast refusal, and failure, to provided Plaintff with his medication.

37. Four months after arriving in Attica, and still not receiving his medication, Plaintiff filed an Article 78 Petition, in the Wyoming Supreme Court, asking for an order directing Defendants to provide Plaintiff the medication he had been prescribed to treat his degenerative knee and shoulder injuries.

38. In August, 2012, Plaintiff was provided with one months (30 day) supply

of his medication and then his prescription was again discontinued, despite the fact that Plaintiff's prescription was for Plaintiff to take one Glucosamine ~~████~~ capsule three times a day for one year.

39. When Plaintiff received the prescription in March, 2012, the Doctor told Plaintiff that he (Plaintiff) must take the medication three times a day, every day, for at least four months, before the medication would start ~~████~~ to show effect, and for the whole year, ~~████~~ as prescribed, in order to receive the full benefit of the medication.

40. Plaintiff has not been provided with his medication since August, 2012.

41. On August 3, 2012, Plaintiff was removed from the Kosher meal program, by defendant Conners, for allegedly violating one of the Kosher Diet program rules.

42. On August 3, 2012, Plaintiff wrote letters to Defendants Bradt and Conners objecting to his (Plaintiff's) removal from the Kosher program ~~████~~ prior to being provided a due process hearing, notice of the charges or an opportunity to be heard.

(12)

43. On August 10, 2012, Plaintiff filed a grievance in which he demanded to be returned to the Kosher diet and afforded a hearing on the charges for which he was removed.

44. On September 11, 2012, Plaintiff filed a second grievance demanding to be returned to the Kosher diet. This was over 30 days since Plaintiff was removed from the diet, for allegedly ~~not~~ violating a rule, in August, 2012.

45. Plaintiff never received a response to his grievances and was never returned to the Kosher Diet.

46. On August 30, 2012, Plaintiff sent a letter to the Grievance office and to defendant Bradt inquiring about the Kosher meal diet and his grievance dated August 10, 2012. On November 14, 2012, Plaintiff sent letters to Defendant Bradt and Conners, and to the Grievance office, inquiring about his (Plaintiff's) grievances of August 10th and September 11th, 2012, and demanding to be returned to the Kosher diet.

47. On January 23, 2013, Plaintiff sent a letter to Defendant Fischer about his (Plaintiff's) removal from the Kosher diet.

(13)

48. Plaintiff received a letter, dated February 25, 2013, from Defendant Fischer's office stating that a chaplain would meet with Plaintiff to arrange for Plaintiff to be returned to the Kosher program.

49. Plaintiff was never allowed to meet with the chaplain and was never allowed to return to the Kosher Diet program.

50. Defendants Wagner, John Doe #1, and John Doe #3, deprived Plaintiff of at least two(2) meals a day, on each of the following dates: June 8, 11, and 12, 2012; July 6, 7, 8, 9, 10, 13, 14, 19, 20, 21, 22, 24, 25, 26, 27, 28, and 29, 2012; August 2, 3, 4, 5, and 8, 2012. Plaintiff was removed from the Kosher meal Program shortly after filing complaints about this.

## VII  Relief

51. Plaintiff request an Order declaring that defendants acted in violation of the U.S. Constitution.

52. Plaintiff request an injunction compelling defendants to provide:

   a. the medication prescribed for the Plaintiff, in the dosage and for the duration presribed;

(14)

b. a diet (Kosher) which conforms to Plaintiff's religious dietary Laws;

c. a due process hearing prior to removing Plaintiff from his religious diet in the future; and,

d. a restraining Order preventing the defendants from retaliating against the Plaintiff.

53. For forcing Plaintiff to sleep in feces and urine from March 30, 2012, until April 6, 2012, Plaintiff request #40,000 (Forty Thousand dollars) compensatory damages, and #80,000 (Eighty Thousand dollars) punitive damages, against Defendants Mark Bradt and John Doe #2.

54. For depriving Plaintiff of his religious diet from March 30, 2012, until April 6, 2012, Plaintiff request #7,000 (Seven-Thousand dollars) compensatory damages, and #14,000 (Fourteen Thousand dollars) punitive damages, against John Doe #2.

55. For unilaterally suspending Plaintiff from the Kosher meal program, and depriving Plaintiff of his religious diet for seventeen (17) months beginning on August 3, 2012, without due process of Law, Plaintiff request #510,000 (Five-Hundred and Ten Thousand dollars) compensatory

(15)

damages, and #1,020,000 (one Million-Twenty Thousand dollars) punitive damages, against Defendants Brian Fischer, Mark Bradt, L. Conners, J. Goodrich, Officer Wagner, John Doe #1, and John Doe #3

56. For depriving Plaintiff of his medication,(from March 30, 2012, until ~~Aust~~ August, 2012)(and again for sixteen months beginning in September, 2012) Plaintiff request #20,000 (twenty Thousand dollars) compensatory damages, and #40,000 (Forty-Thousand dollars) punitive damages, against Defendants Fischer, Bradt, Artus, Michalek, and Hawley.

57. Plaintiff request a Jury Trial.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 26th
day of December, 2013      Michael F. Ramsey

(16)

"Proof Of Exhaustion"
"Statement/Exhibits"

Plaintiff has filed grievances, and exhausted the grievance process, on all claims raised in this 42 U.S.C. §1983 Complaint except where ~~either~~ the Defendants refused to file and process the grievance. In the instances where Grievance Office failed and/or refused to file and process Plaintiff's grievances, the actions taken by Plaintiff is included below with Proof of Exhaustion Exhibits.

Exhibit A:
Grievance No. A-59500-12, "Resume Medication", was submitted to grievance office on April 3, 2012, and Grievance Committee issued a response on April 18, 2012. Plaintiff appealed to Defendant Bradt on April 19, 2012. Defendant Bradt denied grievance on April 23, 2012, and Plaintiff appealed to C.O.R.C on April 25, 2012. C.O.R.C. issued final decision on September 19, 2012, some five (5) months later.

Exhibit B:
Grievance No. A-59501-12, "Replace Mattress", was submitted to grievance office on April 3, 2012, and grievance Committee issued a response on April 18, 2012. Plaintiff appealed to Defendant Bradt on April 19, 2012.

Exhaustion Exhibits, Pg.II

Defendant Bradt denied Grievance on April 23, 2012, and Plaintiff appealed to C.O.R.C. on April 25, 2012. C.O.R.C. issued final decision on September 19, 2012.


Exhibit C:

"Kosher meal" Grievance was submitted to the Grievance office on April 3, 2012, in the same envelope with grievances No. 59499-12; 59500-12; and, 59501-12. When Plaintiff did not receive a response he sent a letter, dated April 12, 2012, to the Grievance Supervisor inquiring about the status of this grievance. When the Grievance Supervisor did not reply, Plaintiff sent a letter, dated April 24, 2012, to Defendant Bradt inquiring about the status of this grievance. On April 27, 2012, Plaintiff sent the "Kosher Meal" Grievance Appeal to the Grievance Supervisor and a carbon copy to Defendant Bradt. The Grievance office then responded and alleged, for the first time, that my Kosher meal Grievance was never received. On May 1, 2012, Plaintiff submitted a second Kosher Meal grievance to the grievance office. When there was no response, Plaintiff submitted a third Kosher Meal grievance to the grievance office on May 18, 2012, with a carbon copy to Defendant Bradt. On June 6, 2012, Plaintiff sent a complaint to Defendant Fischer about the refusal of Defendant

Exhaustion Exhibits, Pg. III

Bradt to file and process Plaintiff's Kosher meal grievance. Enclosed with the letter of June 6, 2012, was a copy of Plaintiff's Kosher meal grievance. Defendant Fischer sent Plaintiff's June 6, 2012 letter, and the attached Kosher meal grievance, to the Inmate Grievance Program Director (Karen Bellamy) for action. Director Bellamy sent Plaintiff a letter, dated June 21, 2012, in which she spoke about grievance No. A-59663-12 (Sabbath items) but does not address ☒ the specific issue of Plaintiff's Kosher meal grievance which was attached to Plaintiff's letter of June 6, 2012. Direct Bellamy also sent a copy of Plaintiff's June 6, 2012 letter and the attached Kosher Meal grievance to Defendant Bradt.

Exhibit D:

Grievance No. A-59613-12, was ☒☒☒ actually a letter that Plaintiff filed inquiring about why his grievance, against Defendant John Doe #2 for refusing to process Plaintiff's Kosher Meal application, was not filed or processed. Plaintiff's Kosher meal grievance was first filed on April 3, 2012, in the same envelope with grievances # A-59499-12; A-59500-12; and, A-59501-12. Then on May 1, 2012, after Plaintiff received a note, at the bottom of his April 27, 2012

Exhaustion Exhibits, Pg. W

letters to the Grievance Supervisor, stating that
the Kosher meal grievance was never received, Plaintiff
filed the Kosher meal grievance a second time. On
May 18, 2012, Plaintiff filed this grievance for the
third time. Finally, Grievance Director ~~Maxwell~~ Bellamy served
Defendant Bradt with a copy of Plaintiff's
Kosher meal grievance with her letter of June 21,
2012. Nevertheless, this grievance was never processed.


Exhibit E:
        Grievance No. A-59663-12, "Sabbath Items",
was submitted to the grievance office on April 18, 2012.
After receiving no reply, and after writing several
letters inquiring about it, Plaintiff re-submitted this
grievance on May 4, 2012. The Grievance committee
issued a decision on May 9, 2012, and Plaintiff appealed
to Defendant Bradt on May 11, 2012. When Plaintiff
did not receive ~~an~~ a decision from Defendant
Bradt, Plaintiff sent a letter, dated June 22,
2012, to the Grievance office and to Defendant
Bradt, demanding that his appeal be sent to
C.O.R.C. in accordance with Directive #4040.
On June 25, 2012, Plaintiff received a decision
from Defendant Bradt and Plaintiff appealed.
Plaintiff received a final decision, from C.O.R.C,
dated October 24, 2012.

Exhaustion Exhibits, Pg. V

Exhibit F:

On August 3, 2012, Plaintiff was removed from the Kosher meal program, by Defendant Conners, for allegedly violating a Kosher (CAD) diet rule. On August 3, 2012, Plaintiff sent letters to Defendants Bradt and Conners objecting to Plaintiff's removal from the Kosher diet and demanding to be returned to the Kosher diet. When Defendants Bradt and Conners refused to return Plaintiff to the Kosher diet, Plaintiff file a Grievance, dated August 10, 2012, demanding return to the Kosher diet and a due process hearing for the rules Plaintiff was alleged to have ~~have~~ violated, which lead to Plaintiff's removal from the Kosher diet. When Plaintiff did not receive a response, Plaintiff sent a letter, ~~from the~~ dated August 30, 2012, to the Grievance Supervisor inquiring about the status of this grievance. On September 11, 2012, Plaintiff submitted a second grievance to the Grievance Supervisor, with a copy to Defendant Bradt, demanding to be returned to the Kosher Diet. On January 23, 2013, Plaintiff sent a letter to Defendant Fischer, with a copy to Defendant Bradt, inquiring ~~about~~ about this grievance and demanding return to the Kosher diet.

Exh. A

FORM 2131E (REV. 6/06)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

## INMATE GRIEVANCE COMPLAINT

*RESUME MEDICATION 22*

③

| Grievance No. |
|---|
| 59500-12 |

Attica _____ CORRECTIONAL FACILITY

Date 4/3/12

Name Michael F. Ramsey _____   Dept.No. 91B2334   Housing Unit SHU 2nd Floor BE-19

Program _____ AM _____ PM

*(Please Print or Type - This form must be filed within 21 calendar days of Grievance Incident)\**

Description of Problem: (Please make as brief as possible) On March 30, 2012, I arrived here with medication that was prescribed by a doctor, ~~put~~ at Green Haven, as part of the treatment for my Knees and shoulder. My Medication was confiscated by nurse V. Hawley who said he was discontinuing my treatment. I have never even received a check-up upon arrival at this facility. So how can V. Hawley discontinue my medical treatment.

Grievant Signature *[signature]*

Grievance Clerk *[signature]*   Date: 0 5 APR 2012

Advisor Requested ☐ YES   ☐ NO   Who: _____

Action requested by inmate: I want the treatment and medication I was receiving at Green Haven, which was ordered by a Department Doctor, or I want to be sent back to Green Haven or a facility where the treatment I was receiving is available.

This Grievance has been informally resolved as follows:

_____

_____

_____

_____

This Informal Resolution is accepted:

(To be completed only if resolved prior to hearing)

Grievant Signature _____   Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

A-1

Response of IGRC: Upon review of grievants medical chart the medication in question was ordered upon grievants arrival. Pharmacy do not stock this medication but it is on order. Note: It will take some time for delivery.

Date Returned to Inmate _____ IGRC Members _____

Chairperson _____

Return within 7 calendar days and check appropriate boxes.*

[X] I disagree with IGRC response and wish to appeal to the Superintendent.

[ ] I agree with the IGRC response and wish to appeal to the Superintendent.

[ ] I have reviewed deadlocked responses. Pass-Thru to Superintendent

[ ] I apply to the IGP Supervisor for review of dismissal

Signed _____        4-19-12
                Grievant                         Date

_____        '2 3 APR 2012
        Grievance Clerk's Receipt              Date

_____

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent _____
                                                          Date

Grievance forwarded to the Superintendent for action _____
                                                                        Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

A-3

FORM 2133 (REV. 6/6)

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | Grievance No. A-59500-12 | Date Filed 4/3/12 |
|---|---|---|
| | Facility Attica Correctional Facility | Policy Designation Institutional |
| **INMATE GRIEVANCE PROGRAM** | Title of Grievance Resume medication | Class Code 22 |
| **SUPERINTENDENT** | Superintendent's Signature _R B Bradt_ | Date 4/23/12 |
| Grievant Ramsey, M | DIN 91B2334 | Housing Unit RB BE 19 |

Grievance Denied Based Upon Information Provided:

The grievant is advised that his medication has been ordered but the pharmacy does not stock this medication. The grievant will be given the medication upon its arrival.

"Appeal Statement"

First, Supt. Bradt is a bald faced lier. I have a letter here from S. Michalek, Nurse administrator, that state that my Medication which was allegedly ordered on March 30, 2012, had arrived and that I would begin receiving it on April 23, 2012. This has not happened and today is April 25, 2012. Second, the medication which was shipped with me was confiscated and distroyed. Why?? I arrived here with a week supply of my medication and it was confiscated and distroyed. Finally, I should never have been transferred to this facility if you were unprepared to provide me mi with the medical treatment I need and was receiving at Green Haven.

APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. * Please state why you are appealing this decision to to C.O.R.C.

"I have been sufferring in extreme pain with out medication for 27 days now. Not only did you confiscated my medication and discontinue my medical treatment, but you did not provide me any other treatment off pain releaver in the mean time.

Grievant's Signature _____ Date 4/25/12

Grievance Clerk's Signature _____ 2 6 APR 2012 Date

A-5

* An exception to the time limit may be requested under Directive #4040, section 701.6(g)

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION | Grievance Number A-59500-12 | Desig. Code 1/22 | Date Filed 4/5/12 |
|---|---|---|---|
| | Associated Cases | | |
| | Facility Attica Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Resume Medication | | |

9/19/12

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, and upon recommendation of the Division of Health Services, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC asserts that the grievant was taking Glucosamine Sulfate, an over the counter medication, when he was transferred to Attica CF. CORC notes that it was ordered, however, the wrong medication was received and another order was submitted. When it arrived in tablet form the grievant initially refused it but has since been taking it. He has not reported any negative effects as a result of the lapse.

CORC asserts that, consistent with Health Services Policy Manual Item #1.43 - Specialty Care Referrals, the Facility Health Services Directors (FHSD) have the sole responsibility for providing treatment to the inmates under their care.

With regard to the grievant's appeal, CORC has not been presented with sufficient evidence to substantiate malfeasance by staff. CORC advises the grievant to address any further medication concerns to staff via the sick call mechanism.


RAL/cl

--------------------------------------------------------------------------
--------------------------------------------------------------------------

This document has been electronically signed by KAREN R. BELLAMY

49

Exh. B

FORM 2131E (REV. 6/06)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

# INMATE GRIEVANCE COMPLAINT



*REPLACE MATTRESS 23*

| | Grievance No. |
|---|---|
| | 59501-12 |

Attica _____ CORRECTIONAL FACILITY

Date 4/3/12

Name Michael F. Ramsey     Dept.No. 91B2334   Housing Unit SHU 2nd Floor BE-19

Program _____ AM _____ PM

*(Please Print or Type - This form must be filed within 21 calendar days of Grievance Incident)\**

Description of Problem: (Please make as brief as possible)   On March 30, 2012, I was move into a cell which has a matress that is covered with feces and urine. I spoke to the SHU officer who moved me into the cell on March 30, 2012, and to the SHU Sergeant on Saturday Morning, March 31, 2012, and nothing has been done. I have been complaining about this feces and urine saturated Matress for five (5) days and nothing has been done.

Grievant Signature _____

Grievance Clerk _____   Date: _____

Advisor Requested   ☐ YES   ☐ NO   Who: _____

Action requested by inmate:   I want a clean matress and new sheets and blankets, and I want to know why I have been forced to sleep in this feces and urine for five (5) days.

This Grievance has been informally resolved as follows:

_____

_____

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant Signature _____   Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

B-2

A- 59501 = 12    4/18/2012

FORM 2131E (REVERSE)  (REV. 6/06)

Response of IGRC: Grievant was interviewed and says that he has a new mattress and is sastisfied.

Date Returned to Inmate _____    IGRC Members _____

Chairperson _____

Return within 7 calendar days and check appropriate boxes. *

☒ I disagree with IGRC response and wish to appeal to the Superintendent.

☐ I have reviewed deadlocked responses, Pass-Thru to Superintendent

☐ I agree with the IGRC response and wish to appeal to the Superintendent.

☐ I apply to the IGP Supervisor for review of dismissal

The Sergeant is a lier. If I was satisfied I would have informally resolved this complaint.

Signed _____    _____
                Grievant                    Date

_____    2 3 APR 2012
Grievance Clerk's Receipt              Date

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent _____
                                                        Date

Grievance forwarded to the Superintendent for action _____
                                                                        Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

B-4

FORM 2133 (REV. 6/06)

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | Grievance No.<br>A-59501-12 | Date Filed<br>4/5/12 |
|---|---|---|
| | Facility<br>Attica Correctional Facility | Policy Designation<br>Institutional |
| INMATE GRIEVANCE PROGRAM<br>SUPERINTENDENT | Title of Grievance<br>Replace mattress | Class Code<br>23 |
| | Superintendent's Signature | Date<br>4/23/12 |

| Grievant<br>Ramsey, M | DIN<br>91B2334 | Housing Unit<br>RB BE 19 |
|---|---|---|

Grievance Denied Based Upon Information Provided:

The grievant was interviewed by a sergeant and his mattress was replaced. The grievant is advised he needs to contact either a gallery officer or area supervisor with his request for new linens. Further investigation shows that linen is collected and laundered on a weekly basis.

Appeal Statement

I was moved into a cell which contained a bed and mattress covered in Human feces and urine. This never should have happened. I complained about this for seven (7) days before the mattress was changed on April 6, 2012. You, Supt. Bradt, and the SHU Staff knew about this feces covered bed and mattress before I was moved into this cell. Nothing has been said about this feces I was forced to live in for seven (7) days, which has made me sick and for which I have not received medical treatment.

APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. * Please state why you are appealing this decision to to C.O.R.C.

Finally, as I stated to Supt. Bradt in my letter too him, I was given old riped sheets and an SHU memo dated March 1, 2012, state I should have been given New sheets. I want new sheets.

_____
Grievant's Signature                          4/25/12
                                              Date
                                              2 6 APR 2012

_____
Grievance Clerk's Signature
                                              _____
                                              Date

B-6

| | STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION | Grievance Number A-59501-12 | Deng Code I/23 | Date Filed 4/5/12 |
|---|---|---|---|---|
| | | Associated Cases | | |
| | | Facility Attica Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | | Title of Grievance Replace Mattress | | |

9/19/12

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that this matter has been properly investigated by the facility administration.   Sgt. C... states that the grievant's mattress was replaced on 4/6/12 with a new one and that he had no other issues at that time. Further, CORC notes that linens are collected and laundered on a weekly basis.  CORC advises him to address any further concerns to area supervisory staff for any remedial action necessary.

With respect to the grievant's appeal, CORC advises him that he may sign up for sick call and notes no malfeasance by staff.

JAD/cl

--------------------------------------------------------------------------------
--------------------------------------------------------------------------------

This document has been electronically signed by KAREN R. BELLAMY

B-10

Exh. C

April 12, 2012

TO:       I.G.P. Supervisor
From:     Michael F. Ramsey, #91B2334, SHU - BE -19
Subj:     Grievance Responses

I am writing to inquire about the status of my Grievances. I filed five(5) grievances and have not received a response to any.

The first four (4) grievances that I filed were about: 1. Feces covered mattress; Medication/medical treatment; Kosher Meals; and, Writing paper per Dir. #4483. A sergeant came and questioned me about the mattress and writing paper grievances and that was the last I heard about those grievances.

I never heard anything from anyone about my medication and Kosher Meals grievances. I am still being denied the medical treatment I was receiving at Green Haven and I a suffering irreparable harm as a result. I need this grievance processed and exhausted so that I may seek immediate Judicial intervention.

Finally, my last grievance was about my personal property that I was forced to send-out/destroy in violation of Directive # 4911.

Please advise me of the status of these grievances and why it is taking so long to respond to said grievances.

Thank you very much.

Michael F. Ramsey



April 24, 2012

TO:   Supt. Bradt
From:   Michael F. Ramsey #91B2334, B2-BE-19
Subj:   Kosher Meal Grievance

I am writing regarding the above subject matter because I filed a grievance about the SHU Sergeant, and regular officers, failure to Notify the messhall that I needed to be provided with a Kosher diet.

This grievance was forwarded to the grievance office on April 3, 2012, in the same envelope with grievances #59499-12-L.L. Supplies; 59500-12-Medication; and, 59501-12-Matress. When I did not receive a response oh an acknowledgement receipt, I wrote a letter to the I.G.P. Supervisor on April 12, 2012, and inquired about this grievance and four (4) other grievances, including the three grievances listed above and my April 8, 2012, grievance about my personal property that I was forced to send-out/destroy in violation of Directive #4911 and 4913. The I.G.P. Supervisor has not responded to my letter and I have not received a response to my grievance about denying Kosher meals or about my property. It has been over 20 days. As such, I need to know why my grievances have not been filed and processed in accordance with Directive #4040.

Michael F. Ramsey

April 27, 2012

TO:        IGP Supervisor
From:      Michael F. Ramsey #91B2334, RJ-BE-19
Subj:      Kosher Meal Grievance Appeal

On April 3, 2012, I sent you a grievance about the SHU Sergeant and regular officers failure to notify the messhall that I required a Kosher meal.

On April 12, 2012, I sent you a letter inquiring about the status of this grievance.

More than sixteen (16) calendar days have passed without a decision by the IGRC. I have not signed an extension form. I am exercising my right under Directive 4040, section 701.5(c)(i), to appeal to the next stage. I want my appeal sent to the Superintendent.

Michael F. Ramsey

CC:
     Supt. Bradt

April 27, 2012

TO:          I.G.P. Supervisor
From:        Michael F. Ramsey #91B2334, R2-BE-19
Subj.        Personal Property Grievance

On April 8, 2012, I sent you a grievance about the SHU Sergeant forcing me to destroy/send-out personal property that I was allowed to have p according to Directive #4913 and 4911.

On April 12, 2012, I sent you a letter inquiring about the status of this grievance.

More that than six (16) calendar days have passed without a decision by the I-GRC. I have not signed an extension form. I am exercising my right under Directive 4040, Section 701.5(c)(1), to appeal to the next Stage. I want my Appeal sent to the Superintendent.

Michael F. Ramsey

cc:

    Supt. Bradt

No Grievance WAS received regarding a Kosher diet.

This is Addressed by Grievance # A 59613-12. The IGRC will Send You A response to that grievance.
                                        Inmate Grievance Progra

Michael F. Ramsey, #91B2374
Attica Correctional Facility
Box 149
Attica, New York 14011-0149

June 6, 2012

Brian Fischer, Commissioner
Dept. of Corr. And Community Supervision
The Harriman State Campus
1220 Washington Ave
Albany, New York 12224

                RE: Refusal To File/Process Grievances

Sir:
        Enclosed is a copy of a grievance that I
filed at this facility on May 1, 2012. The I.G.P.
Supervisor has repeatedly refused to file this
grievance because he is trying to cover-up for
the SHU Sergeant's failure to notify the
kitchen that I was kosher.
        When the IGP supervisor did not file this
grievance by May 18, 2012, I resubmitted it and
sent a second copy to Supt. Bradt. This grievance
still has not been processed or responded to. I
need this process exhausted before I can file an
article 78 or a section 1983 civil actions.
        Please look into this matter and ascertain
why Dir. #4040 is not being followed.    Sincerely



STATE OF NEW YORK

**DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION**

THE HARRIMAN STATE CAMPUS – BUILDING 2

1220 WASHINGTON AVENUE

ALBANY, N.Y.  12226-2050

**BRIAN FISCHER**
**COMMISSIONER**

June 21, 2012

Mr. Michael Ramsey, #91-B-2334
Attica Correctional Facility
639 Exchange Street
Attica, NY 14011-0149

Dear Mr. Ramsey:

Commissioner Fischer has asked me to respond to your June 6, 2012 letter to him regarding the processing of your grievances.

Contact with the facility administration reveals that A-59663-12, regarding Sabbath items, was answered by the Superintendent on May 14, 2012, and you did not appeal.  You are advised to address future inquiries to the Inmate Grievance Program Supervisor (IGPS).

Sincerely,

Karen Bellamy
Director
Inmate Grievance Program

cc:  Superintendent – Attica C.F. (w/attachment)

Exh. D

April 27, 2012

TO:        I.G.P. Supervisor
From:      Michael F. Ramsey # 91B2334, R2-BE-19
SubJ:      Personal Property Grievance

On April 8, 2012, I sent you a grievance about the SHU sergeant forcing me to destroy/send-out personal property that I was allowed to have p according to Directive # 4913 and 4911.

On April 12, 2012, I sent you a letter inquiring about the status of this grievance.

More that than six (16) calendar days have passed without a decision by the I.G.R.C. I have not signed an extension form. I am exercising my right under Directive 4040, Section 701.5(c)(1), to appeal to the next Stage. I want my Appeal sent to the Superintendent.

Michael F. Ramsey

CC:
Supt. Bradt

FORM 2133 (REV. 6/06)

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | Grievance No. A-59613-12 | Date Filed 4/25/12 |
|---|---|---|
| | Facility Attica Correctional Facility | Policy Designation Institutional |
| INMATE GRIEVANCE PROGRAM SUPERINTENDENT | Title of Grievance Grievances not responded to | Class Code 44 |
| | Superintendent's Signature | Date 5/4/12 |
| Grievant Ramsey, M | DIN 91B2334 | Housing Unit BE-19 |

**Grievance Denied Based Upon Information Provided:**

The grievant is advised that all of the referenced grievances in his complaint were answered by IGRC on 4/18/12, were appealed to the Superintendent and answered by him on 4/24/12. Additionally the referenced grievances have all been appealed to CORC and the grievant will receive the dispositions when they are received. Further grievance A 59540-12 is current scheduled for a hearing. Lastly there is no record of any grievance filed regarding a Kosher diet.

Appeal Statement

First of all, all of the grievances referred to in my complaint was not answered by IGRC. I specifically referred to my Kosher grievance as well as my property grievance. Niether of which were answered. Secondly, my Kosher meal grievance was in the same envelope with the medication mattress and Law Library grievances. If it was not received why didn't the IGP supervisor make that claim when I wrote him a letter, dated April 17, 2012, inquiring

---

APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. * Please state why you are appealing this decision to to C.O.R.C.

about said grievance? Why didn't the IGP supervisor respond and state my grievance was not received when I sent him my second letter, dated April 24, 2010? And why is grievance 59540-12 still pending a hearing?

MAY 4, 2012

_____
Grievant's Signature                                    Date

_____
Grievance Clerk's Signature                             Date

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION | Grievance Number A-59613-12 | Desig./Code I/44 | Date Filed 4/26/12 |
|---|---|---|---|
| | Associated Cases | | |
| | Facility Attica Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Grievances Not Responded To | | |

9/12/12

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC asserts that all grievances received by the IGRC are processed in accordance with Directive #4040. CORC notes that a grievance regarding the Kosher diet was not received from the grievant. Further, A-59540-12, regarding property, is pending CORC disposition.

With regard to the grievant's appeal, CORC advises him to address future concerns regarding the processing of his grievances to the IGP Supervisors for the most expeditious means of resolution.

RAL/
--------------------------------------------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------------------------------------------

Ramsey, M
91 B2334
C-33-26

This document has been electronically signed by KAREN R. BELLAMY

Exh. E

FORM 2131E (5/88)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
**INMATE GRIEVANCE COMPLAINT**

Grievance No. _____

Attica
_____   CORRECTIONAL FACILITY

Date  4/18/12

Name  Michael F. Ramsey    Dept.No.  91B2334    Housing Unit  RB-2 BE-19

Program _____  AM _____ PM

*(Please Print or Type - This form must be filed within 14 days of Grievance Incident)*

Description of Problem: (Please make as brief as possible)  I am not being Provided with
the friday evening and Saturday morning Sabbath Matzohs
and grape Juice which are use after my Sabbath prayers.

_____
_____
_____
_____

Grievant
Signature  _____

Grievance Clerk _____   Date: _____

Advisor Requested      ☐ YES    ☐ NO      Who: _____

Action requested by inmate :  I want the friday evening and Saturday
morning Sabbath matzohs and grape Juice, and I would like
to know why it has not been sent.

This Grievance has been informally resolved as follows :

_____
_____
_____
_____

This Informal Resolution is accepted :
(To be completed only if resolved prior to hearing)

Grievant
Signature _____   Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

FORM 2131E (5/88)

Response of IGRC:

Date Returned to Inmate_____IGRC Members _____

_____

_____

Chairperson _____        _____

*Return within 4 days and check appropriate boxes.*

☐  I disagree with IGRC response.

☐  I agree with the IGRC response.

☐  I have reviewed deadlocked responses. Pass-Thru to Superintendent

☐  I wish to appeal to the Superintendent.

Signed _____        _____
                           Grievant                                        Date

_____        _____
              Grievance Clerk's Receipt                          Date

*To be completed by Grievance Clerk*

Grievance Appealed to the Superintendent _____
                                                                    Date

Grievance forwarded to the Superintendent for action _____
                                                                                Date

FORM 2131 (REV. 6/06)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

# INMATE GRIEVANCE COMPLAINT

A 59663-12

Attica _____ CORRECTIONAL FACILITY

Date May 4, 2012

Name Michael F. Ramsey _____ Dept.No. 91B2334 Housing Unit RB-BE-19

Program _____ AM _____ PM

*(Please Print or Type - This form must be filed within 21 calendar days of Grievance Incident)*

Description of Problem: (Please make as brief as possible)  I am not being provided with the Friday evening and Saturday morning Sabbath Matzohs and Grape Juice which are used after my Sabbath prayers. I first filed this grievance on April 18, 2012, and have not received an acknowledgement of receipt or a response. A copy of this grievance will be foreward to Supt. Bradt.

Grievant Signature _Michael F. Ramsey_

Grievance Clerk _____ Date: 5/8/12

Advisor Requested ☐ YES ☐ NO    Who: _____

Action requested by inmate: I want to be provided with the Matzohs and Grape Juice and I want my grievances filed and processed according to Directive 4040.

This Grievance has been informally resolved as follows:

_____
_____
_____
_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant Signature _____ Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

FORM 2131E (REVERSE) (REV. 6/06)

Response of IGRC:  59663-12

Food Services placed grievant on CAD diet on 4/04/12
per his request. Grievant was added to the Sabbath Snack list
on 5/07/12.

Date Returned to Inmate _____   IGRC Members _____

Chairperson _____

Return within 7 calendar days and check appropriate boxes.*

[✓] I disagree with IGRC response and wish to appeal to the Superintendent.

[ ] I have reviewed deadlocked responses. Pass-Thru to Superintendent

[ ] I agree with the IGRC response and wish to appeal to the Superintendent.

[ ] I apply to the IGP Supervisor for review of dismissal

Signed _____   5/11/12
Grievant                          Date

_____   _____
Grievance Clerk's Receipt        Date

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent _____
                                         Date

Grievance forwarded to the Superintendent for action _____
                                                     Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

June 22, 2012

TO:        I G P Supervisor
From:      Michael F. Ramsey, 91B2334, C-31-19
Subj:      Grievance # 59663-12

I am writing regarding the above numbered grievance because it has over 40 days since I appealed this grievance-yet I have not received a reply from the Superintendent.

Now, since it has been over twice the time limit for the Superintendent to respond, and since I have not signed an extension agreeing to allow for more than the twenty (20) days, I hereby ask that my appeal of grievance # 59663-12 be forwarded to CORC.

A copy of this letter has been sent to Supt. Bradt.

Michael F Ramsey

# ATTICA CORRECTIONAL FACILITY

## Office of the Superintendent

## M E M O

**To:**      **RAMSEY**        **91-B-2334**     **C-31-19**
           **NAME**                **DIN**          **CELL**

**From:**    Mark L. Bradt, Superintendent

**Date:**      June 25, 2012

**Subject:**   Inmate Note Dated **June 22, 2012**     Received on **June 25, 2012**

            Your complaint has been received.  The Inmate Grievance Program (per Directive 4040) handles allegations of harassment or unlawful discrimination, therefore, your letter is being forwarded to the Inmate Grievance Office for processing.

            I am investigating your letter and as soon as I have sufficient information, I will reply.

     X       Your letter has been referred to the below-named person.  Any further correspondence on this matter should be referred to this person.

            Your grievance/letter has been referred to the below-named person.  Any further correspondence on this matter should be referred to this person.

            Your time cut request has been referred to the Deputy Superintendent for Security for response.

            Your marriage request has been referred to the Deputy Superintendent for Programs for processing and response.

MLB.jms

c.     *I G A C*

       file

FORM 2133 (REV. 6/06)

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | Grievance No. A-59663-12 | Date Filed 5/8/12 |
|---|---|---|
| | Facility Attica Correctional Facility | Policy Designation Institutional |
| INMATE GRIEVANCE PROGRAM | Title of Grievance Not receiving Sabbath items | Class Code 37 |
| SUPERINTENDENT | Superintendent's Signature | Date 5/14/12 |
| Grievant Ramsey, M | DIN 91B2334 | Housing Unit 31 – 19 |

**Grievance Denied Based Upon Information Provided:**

The grievant was placed on the CAD diet on 4/4/12 and placed on the Sabbath snack list on 5/7/12. The grievant is advised that grievances are filed and processed in accordance with NYSDOCS Directive 4040. The grievant is further advised that NYSDOCS Directive 4040, Section 701.1 states, in part, that the grievance program is not intended to support an adversary process.

Appeal Statement

First, this grievance was initially filed on April 18, 2012. You did not process it or respond to it. I filed it again on May 4th, 2012, and filed my appeal on May 11, 2012. Now, I just received your response on June 25, 2012, some 45 days after my May 11, 2012, appeal and 67 days after I filed this grievance on April 18, 2012. This isn't the first time you have refused to file and process my grievances. I just wrote Brian Fischer a letter, dated June 6, 2012, about this very issue. This was also an issue in several other grievances, including grievance # A-59613-12, A-59540-12 and the Kosher meal grievances which still have not been processed. This isn't in accordance with Directive 4040. Finally, the Sabbath is the Holiest of all Holy days and the Matzohs and grape juice for Sabbath pray rituals are a major part

APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk.

You have seven (7) calendar days from receipt of this notice to file your appeal.  * Please state why you are appealing this decision to to C.O.R.C.

of my religious faith - not a snack. And, why was I not added to the Sabbath matzohs/grape juice list until 30 days after I was added to the Kosher list? Also, I have not received the matzohs/grape juice since June 7, 2012. Why is that?

_____   6/25/12
Grievant's Signature            Date

_____   _____
Grievance Clerk's Signature          Date

* An exception to the time limit may be requested under Directive #4040, section 701.06.

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION | Grievance Number<br>A-59663-12 | Desig./Code<br>I/37 | Date Filed<br>5/8/12 |
|---|---|---|---|
| | Associated Cases | | |
| | Facility<br>Attica Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM<br>CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance<br>Not Receiving Sabbath Items | | |

10/24/12

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, and upon recommendation of the Division of Nutritional Services, the action requested herein is hereby accepted in part.

CORC notes that the grievant's concerns regarding the filing of his complaints were addressed in its prior decision A-59613-12, dated 9/12/12, which states, in part, i.e.:

CORC asserts that all grievances received by the IGRC are processed in accordance with Directive #4040.  CORC notes that a grievance regarding the Kosher diet was not received from the grievant.

CORC also notes that A-59500-12 and A-59501-12 were answered on 9/19/12, and A-59499-12 is currently pending disposition.  CORC advises the grievant that every effort is made to process grievances within the timelines established in Directive #4040.  It is noted that the grievant began the CAD on 4/3/12, however, he was subsequently removed on 8/13/12 for non-compliance and he has not reapplied. Additionally, he was placed on the Sabbath list on 5/7/12, and received the matzohs and grape juice every Friday eve and Saturday morning. CORC has not been presented with sufficient evidence to substantiate any malfeasance by staff.

In regard to the grievant's appeal, CORC notes that A-59540-12 was answered on 10/17/12.  CORC advises him to address his concerns regarding the processing of grievances to the IGP Supervisors, and his religious meal concerns to the Food Service Administrator for the most expeditious means of resolution.


RAS/jr
------------------------------------------------------------------------------------------------------------
------------------------------------------------------------------------------------------------------------

Ramsey, M
91B2334

C-33-2C

This document has been electronically signed by JEFFERY A. HALE

Exh. F

Grievance

Michael F. Ramsey                                    August 10, 2012
91 B 2334                        C-33-26

Problem:

       I have been illegally removed from
the Kosher diet program by L. Conners, FSA II,
without due process of Law. I was never
given a hearing, an opportunity to be
heard, or to present witnesses or documentary
evidence.


Action Requested:
       1. I want to be immediately returned
to the Kosher Diet list;
       2. I want to be provided with
notice of the charges, a Hearing conforming
with the minimum due process Standards
established in Wolff v. McDonnell, 418 U.S. 539,
in the event that I am ever alleged to
be in violation of your CAD rules in
the future.

                                   Michael F. Ramsey

Attica

Michael F. Ramsey                    9182334              9/11/12
                                     none                 C-33-26
                                                          none

On August 3, 2012, I was illegally removed from the Kosher meal program without due process of law. On August 10, 2012, I Filed the first grievance demanding return to my kosher diet and a due process hearing. Now I am demanding return to the Kosher meal program because it has been over 30 days from the date of my removal and the suspension from the Kosher diet was suppose to be 30 days for first removal.

Immediate return to Kosher diet now, and, a due process hearing prior to any future removal for alleged violations of your CAD rules.

August 3, 2012

TO:       Supt. Bradt
From:    Michael F. Ramsey, #91B0334 -C-31-19
Subj:     Religious Diet/Due Process


Sir:

This is to give you personal notice that your Food Service Administrator, L. Conners, has unilaterally removed me from the Kosher meal program with-out any type of notice of charges or an opportunity to be heard in response to the charges.

I have a liberty interest in maintaining a Kosher diet and cannot be deprived of this liberty without due process of Law.

As such, I hereby ask that you order L. Conners to immediately return me to the Kosher meal program, and direct him to provide me with a due process hearing before any further punitive action is taken to deprive me of my religious rights.

Sincerely,

Michael F. Ramsey

cc:
    L. Conners

# ATTICA CORRECTIONAL FACILITY

## Office of the Superintendent

### M E M O

| To: | **RAMSEY** | 91-B-2334 | C-31-19 |
|---|---|---|---|
| | NAME | DIN | CELL |

From:   Mark L. Bradt, Superintendent

Date:   August 7, 2012

Subject:   Inmate Note Dated **August 3, 2012**   Received on **August 7, 2012**

_____   Your complaint has been received. The Inmate Grievance Program (per Directive 4040) handles allegations of harassment or unlawful discrimination, therefore, your letter is being forwarded to the Inmate Grievance Office for processing.

_____   I am investigating your letter and as soon as I have sufficient information, I will reply.

____✓____   Your letter has been referred to the below-named person. Any further correspondence on this matter should be referred to this person.

_____   Your grievance/letter has been referred to the below-named person.   Any further correspondence on this matter should be referred to this person.

_____   Your time cut request has been referred to the Deputy Superintendent for Security for response.

_____   Your marriage request has been referred to the Deputy Superintendent for Programs for processing and response.

MLB.jms

c.   DSA Artus

   file

August 3, 2012

To:        L. Conners, F.S.A. I
From:      Michael F. Ramsey, #9123234, C-31-19
Subj       Denial of Due Process/Right To
           Practice Religion

On Friday morning August 3, 2012, the Correction Officer who was working the diet line in C-MessHall told me that I was no longer on the Kosher meal list and refused to feed me. Later on the night of August 3, 2012, I received a letter from you, dated August 1, 2012, in which you stated that "you found me to be in noncompliance with the Cold Alternative Diet program procedures and that you were denying me my right to follow my religion and maintain a Kosher diet.

As such, I hereby give you notice that I have a liberty interest in maintaining a Kosher diet and that you are violating my constitution rights by depriving me of this liberty interest without first providing me with due process of Law, which would include notice of the charges, an opportunity to respond and a written disposition stating the evidence relied upon and reason for

I9 II
8/3/12

disposition.

Based on your failure to provide me with due process, I submit that your actions are legally invalid and a violation of my rights under the U.S. constitution as well as the New York constitution.

Wherefore, I respectfully demand that my name be immediately return to the Kosher meal list and that I be provided with a hearing to respond to your charges before I am deprived of my right to practice my religion.

Sincerely,

Michael P. Ramsey

cc:
Supt Bradt

33-26

Ramsey          91B2334          C-31-19          8/9/12

You have written a letter stating that you were wrongfully removed from the CAD program (received 8/9/12). You were removed for non compliance with the attendance agreement that you signed on 4/4/12. In the audit of your removal you missed 4 meals when only 3 missed meals are permitted.


L. Conners FSA II

August 30, 2012

TO:  IGP Supervisor
From:  Michael F. Ramsey, 91B2334, C-33-26
Subj:  Grievance dated August 10, 2012

On August 10, 2012, I sent for
filing one grievance against L. Conners,
FSA II, for removing me from the Kosher
meal diet.   It has been well over
the seven days for conducting a hearing
and I am still being deprived of my
right to follow my religious dietary Laws.
As such, I would like to know
what the problem is.  You delayed the
filing of my other grievances relating to
the Kosher diet and actually refused to
file the first grievance against the SHU
Sergeant about my Kosher diet.
Please file and process this
grievance immediately so that this matter
can be resolved and I can be placed back
on the Kosher diet list.

Michael F. Ramsey

**ATTICA CORRECTIONAL FACILITY**

Office of the Superintendent

# MEMORANDUM

| To: | RAMSEY | 91-B-2334 | C-33-26 |
|-----|--------|-----------|---------|
|     | NAME   | DIN       | CELL    |

**From:**     Mark L. Bradt, Superintendent

**Date:**     November 15, 2012

**Subject:**     Inmate Note Dated <u>November 14, 2012</u> Received on <u>November 15, 2012</u>

_____     Your complaint has been received.  The Inmate Grievance Program (per Directive #4040) handles allegations of harassment or unlawful discrimination, therefore, your letter is being forwarded to the Inmate Grievance Office for processing.

_____     I am investigating your letter and as soon as I have sufficient information, I will reply.

✗     Your letter has been referred to the below-named person.  Any further correspondence on this matter should be referred to this person.

_____     Your grievance/letter has been referred to the below-named person. Any further correspondence on this matter should be referred to this person.

_____     Your time cut request has been referred to the Deputy Superintendent for Security for response.

_____     Your marriage request has been referred to the Deputy Superintendent for Programs for processing and response.

MLB/jms
Cc:     ____F S A  Conner_____
            File



STATE OF NEW YORK

## DEPARTMENT OF CORRECTIONS
## AND COMMUNITY SUPERVISION

THE HARRIMAN STATE CAMPUS – BUILDING 2

1220 WASHINGTON AVENUE

ALBANY, N.Y.  12226-2050

**BRIAN FISCHER**
COMMISSIONER

**JEFF MCKOY**
DEPUTY COMMISSIONER
PROGRAM SERVICES

February 25, 2013

Mr. Michael Ramsey
91B2334
Attica Correctional Facility
639 Exchange Street
Attica, NY  14011-0149

Dear Mr. Ramsey:

Commissioner Fischer has referred your letter to me regarding the allegation that you were taken off the Cold Alternative Diet (CAD)/Kosher diet.

Please be advised that your removal from the CAD occurred prior to the implementation in October 2012 of the Department's Religious Meals or Cold Alternative Diet Acknowledgement and Request Form policy.

The facility was contacted and has reported that a Chaplain will meet with you to review the consent form with you and process it upon your agreement and signature of the form.

In the meantime, you are encouraged to maintain a favorable disciplinary record and nurture a positive attitude with regard to the programs available to you.

Sincerely,

Jeff McKoy
Deputy Commissioner
Program Services

cc:   Superintendent, Attica CF
      Ministerial, Family and Volunteer Services
      Central Files

Pg III

afforded due process of Law.

These specific issues were the subject of ~~Ramsey~~ v. Goord, 05-CV-6047A (F).

Wherefore, I respectfully ask that you investigate this matter and take actions to ensure:

1. That I am immediately returned to the Kosher meal program;

2. That I am never again removed from the Kosher meal program for an alleged violation of the rules until I am first provided with a due process hearing which conforms with the minimum due process standards established in Wolff v. McDonnell; and,

3. I am let out for messhall every day, three times a day, or that my Kosher meal tray is served to me in my cell.

Sincerely,

Michael F. Ramsey

cc: Supt. Bradt

# ATTICA CORRECTIONAL FACILITY

## Office of the Superintendent

# MEMORANDUM

**To:**      RAMSEY                      91B2334                    C-33-26
            NAME                          DIN                        CELL

**From:**   Mark L. Bradt, Superintendent *Mark L. Bradt/pc*

**Date:**   January 25, 2013

**Subject:**   Inmate Note Dated <u>January 23, 2013</u> Received on <u>January 25, 2013</u>

_____   Your complaint has been received.  The Inmate Grievance Program
(per Directive #4040) handles allegations of harassment or unlawful
discrimination, therefore, your letter is being forwarded to the
Inmate Grievance Office for processing.

_____   I am investigating your letter and as soon as I have sufficient information,
I will reply.

✓   Your letter has been referred to the below-named person.  Any further
correspondence on this matter should be referred to this person.

_____   Your grievance/letter has been referred to the below-named person.
Any further correspondence on this matter should be referred
to this person.

_____   Your time cut request has been referred to the Deputy Superintendent
for Security for response.

_____   Your marriage request has been referred to the Deputy Superintendent
for Programs for processing and response.

MLB/pc
cc:   *Capt. Brown*
     File

Michael F. Kantey # 91B2334
Attica Correctional Facility
Box 149
Attica, New York 14011-0149

July 9, 2012

Brian Fischer, Comm.
Dep. Corr. & Community Supervision
The Harriman State Campus
1220 Washinton Ave.
Albany, New York  12224

RE: Denial of Food/Right To
Practice Religion

Dear Comm. Fischer:

I am writing regarding the above
subject matter because officers Prichard
and Wagner, from C-Block 31 company,
have been denying me food, exercise and
the right to practice my religion.

In addition to being denied the
rights and minimum standard necessities
indicated above, I was also denied medical
treatment. Officer Wagner did not allow
me to eat breakfast or lunch on June 8,
11, 12, and July 6, 7, 8, and 9, 2012.  Officer
Prichard has not allowed me to eat on

Pg II
7/9/12

June 7, 8, 9, 11, 12, 16, 17, 29, 30, and July 8, and 9, 2012. As a direct result of officers Prichard and Wagner depriving me of food, I am losing weight, have become sick and dizzy. I have dropped several request for sick-call and have filed numerous Grievances regarding this matter. Nothing has been done to resolve these serious life threatening issues.

As such, I am asking that you take immediate action to ensure that I am receiving every meal, every day, and that I am provided with medical treatment to determine how much permanent damage I have sustained as a result of officers Prichard and Wagner depriving me of food.

Finally, by depriving me of food, officers Prichard and Wagner are also interfering with my right to practice my religion because food service will remove me from the Kosher meal list for missing meals.

Thank you for your time in this matter.

Sincerely,

Michael E. Craus