-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL F. RAMSEY,

        Plaintiff,

  -v-

BRIAN FISCHER, et al.,

        Defendants.

**DECISION and ORDER**
14-CV-147A

## INTRODUCTION

On June 27, 2014, the Court, *inter alia*, granted plaintiff permission to proceed *in forma pauperis*, dismissed certain claims pled in the *pro se* complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and directed the Clerk of Court to cause the United States Marshals Service to serve the summons and complaint on the defendants named and identified in the complaint. (Docket No. 3, Decision and Order.) The Court also requested the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997), to ascertain the identities of three John Doe Defendants named in the complaint--John Doe #1, John Doe #2, and John Doe #3. The Attorney General's Office responded to the Order by identifying 34 correctional officers who had worked on C-Block, 31-32 Company, on the dates alleged in the complaint (Docket No. 4, Valentin Response) and, based on that response, the Court directed plaintiff to review the names provided and identify which of the correctional officers set forth in the response were the three John Doe Defendants he intended to name in the complaint. (Docket No. 5, Decision and Order.)

On December 22, 2014, plaintiff responded to the Order by identifying John Doe #1 as G. Pritchard, but noted that he could not identify John Doe #2 and John Doe #3 without the Log Book/Admission Records and C-Block Records. (Docket No. 6.) The Court directed the Clerk of Court to amend the caption of this action to reflect that John Doe #1 was "G. Pritchard, Correctional Officer," and to cause the Marshals Service to serve the summons and complaint on Pritchard. (Docket No. 7, Decision and Order.) Plaintiff was advised that he could seek the Log Book/Admission Records and C-Block Records through discovery in this action. (Id.)

On September 2, 2015, plaintiff submitted a letter identifying John Doe #3 as "J. Kovacs" and requesting the Court to amend the caption of this action accordingly. (Docket No. 8, Letter.) Plaintiff also inquired into the status of service on the defendants. Based upon a review of the Docket Report for this action, it appears that summonses have not been issued and service has not been effected on any of the defendants. For the following reasons, the Court grants an extension of time for the Marshals Service to serve the summons and complaint on the defendants named and identified in the complaint and the two John Doe Defendants identified later, G. Pritchard and J. Kovacs, and the Clerk of Court is again directed to cause the Marshals Service to serve the summons and complaint on the defendants.

## DISCUSSION

Once a pro se plaintiff is granted permission to proceed *in forma pauperis*, the burden of effecting service on the defendant shifts from the incarcerated plaintiff to the Court. *See Romeandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1996) ("The interests of justice, informed by a liberal interpretation of Rule 4, are best served by allowing

[incarcerated litigants] to rely on the personal service, albeit untimely, ultimately effected by the Marshal's Service). Once an inmate-plaintiff has provided the Marshal with the information necessary to serve his complaint, "he is absolved of further responsibility for service." *Rivera v. Pataki*, 2005 WL 407710, at *15 (S.D.N.Y. Feb. 7, 2005).

The Court notes that it is the general practice of the Clerk of Court's Office that, once a plaintiff is granted permission to proceed *in forma pauperis* and the Court directs service of the summons and complaint by the Marshals Service, the Clerk's Office forwards to plaintiff a Notice, with a sufficient number of blank summonses and U.S. Marshal Receipt and Return of Process Forms ("USM-285 Form"), advising plaintiff to complete a summons and USM-285 Form for each defendant and to return them to the Court so that the Marshals Service can serve the summonses and complaints. Based on a review of the Docket Report, it appears that the Notice and blank summonses and USM-285 Forms have not been forwarded to plaintiff.

Accordingly, this Court finds that there is "good cause" to extend the time in which to serve the summons and complaint upon the defendants an additional 120 days, *see* Fed.R.Civ.P. 4(m), and the Clerk of Court is directed to forward to plaintiff the Notice and necessary number of summonses and Marshal Forms and, upon the completion and return of the summonses and USM-285 Forms to the Court by plaintiff, cause the United States Marshal to re-serve the summons and complaint on the defendants.

## ORDERS

IT IS HEREBY ORDERED, that the Clerk of Court is directed to amend the caption of this action to reflect that defendant John Doe #3 is "J. Kovacs;"

FURTHER, that pursuant to Fed.R.Civ.P. 4(m), the time in which to serve the Summons and Complaint upon the defendants is extended an additional 120 days from the date of entry of this Decision and Order;

FURTHER, that the Clerk of Court is directed to cause the United States Marshals Service to serve the Summons and Complaint, this Order, and the Orders filed June 27, 2014, December 12, 2014, and January 23, 2015, (Docket Nos. 3, 5 and 7) on the defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;[1]

FURTHER, that the Clerk of Court is also directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>; and

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

SO ORDERED.

Dated:   October 04, 2015
         Buffalo, New York

_____
WILLIAM M. SKRETNY
United States District Judge

---

[1] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.