UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL F. RAMSEY,

                                Plaintiff,

                        v.

MARK BRADT, S. MICHALEK,
L. CONNERS, OFFICER WAGNER,
G. PRITCHARD, Correctional Officer,
JOHN DOE # 2,
J. KOVACS,

                              Defendants.

**DECISION
and
ORDER**

**14-CV-147A(F)**

_____

APPEARANCES:           MICHAEL F. RAMSEY, *Pro Se*
                       91-B-2334
                       Sullivan Correctional Facility
                       Box 116
                       Fallsburg, New York  12733-0116

                       LETITIA A. JAMES
                       Attorney General, State of New York
                       Attorney for Defendants
                       JOEL J. TERRAGNOLI
                       Assistant Attorney General, of Counsel
                       Main Place Tower
                       Suite 300A
                       350 Main Street
                       Buffalo, New York  14202

      In this § 1983 *pro se* prisoner action Plaintiff alleges a First Amendment violation

based on Defendants' alleged deprivation of Plaintiff's request for kosher meals and an

Eighth Amendment violation based on Defendants' failure to provide Plaintiff with a

clean mattress and cell.  By papers filed December 21, 2018 (Dkt. 49), Plaintiff moves

for assignment of counsel and an order directing Plaintiff be allowed to be present and

participate in the conduct of Defendants' deposition of an inmate, Kerrey Huntley, a

non-party whom Plaintiff had identified as a witness to Defendants' failure to provide a clean cell and mattress for Plaintiff's use, specifically that Huntley overhead Plaintiff's verbal complaints with respect to Plaintiff's claim ("Plaintiff's motion"). By papers filed January 4, 2019 (Dkt. 50), Defendants oppose Plaintiff's requests for assignment of counsel and that Plaintiff be present at the Huntley's deposition, but do not oppose Plaintiff's participation in said deposition by telephone conference call.

Whether to assign counsel to a prisoner civil rights case is within the court's discretion and depends on several factors, *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003), the most pertinent being plaintiff's likelihood of success. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (quoting *Hodge v. Police Officers*, 803 F.2d 58, 61 (2d Cir. 1986)). Here, Plaintiff's claim of interference with Plaintiff's First Amendment religious exercise claim is likely to turn on whether Plaintiff complied with prison regulations requiring prisoners who wish a kosher diet provide proper notice to prison officials. *See* Report and Recommendation on Defendants' motion to dismiss (Dkt. 26 at 43-44). Beyond the general statement that Plaintiff is not trained in legal matters, Dkt. 49. ¶ 8 at 5, Plaintiff provides no other contentions supporting that assistance of counsel is required to assure this claim may succeed. Specifically, Plaintiff points to the fact that Plaintiff was arbitrarily removed from the kosher meal plan in violation of the prison's own rules on unexcused absences and that despite Plaintiff's numerous requests Defendants refused without justification to reinstate Plaintiff. Dkt. 52 at 3-7. However, these facts may also be asserted by Plaintiff in opposition to Defendants' summary judgment without the assistance of counsel following completion of pending discovery which will conclude July 16, 2019.

*See* Dkt. 43 ¶ 3.  Moreover, Plaintiff has demonstrated his ability to successfully

prosecute this action thus far and may again seek appointment of counsel should

Defendants' anticipated motion for summary judgment prove unsuccessful.

As to Plaintiff's Eighth Amendment claim regarding Defendants' failure to provide

a clean cell and sanitary mattress, the merits of the claim will, as Plaintiff argues, Dkt.

52 at 8, likely turn on questions of credibility with regard to the condition of Plaintiff's cell

and mattress arguably shown through Plaintiff's evidence that Defendants eventually

provided Plaintiff with a fresh mattress and opportunity to clean his cell as Plaintiff

claims he previously requested, *see* Dkt. 52, circumstantial evidence corroborating

Plaintiff's claim and as such sufficient to defeat summary judgment, *see Security Plans,*

*Inc. v. CUNA Mut. Ins. Soc.*, 769 F.3d 807, 820 (2d Cir. 2014) ("Credibility

determinations are inappropriate at the summary judgment stage.") (citing *Donnelly v.*

*Greenburgh Cent. Sch. Dist. No. 7,* 691 F.3d 134, 146 (2d Cir. 2012)); *see also S.E.C.*

*v. Dworkin*, 1992 WL 178726, at *1 (W.D.N.Y. Apr. 10, 1992) (to defeat summary

judgment, non-moving party need not present direct evidence where circumstantial

evidence is significant), without the need to assign counsel at this time.

While Plaintiff argues Plaintiff did not in Plaintiff's motion specify he wished to be

physically present at the Huntley deposition without requiring Plaintiff be transferred to

Huntley's facility, Dkt. 52 at 9, Plaintiff nevertheless requests participation at the

deposition via video conference.  *Id.*  As noted, Defendants do not object to Plaintiff's

participation telephonically.  Dkt. 50 at 7.  Thus, it is not necessary for the court to

determine whether Plaintiff should be transferred to Huntley's prison to enable Plaintiff

to be present at the deposition.  Rather, given Defendants do not object to Plaintiff's

participation via telephonic conference call, which should be a sufficiently viable means to facilitate Plaintiff's presence and participation in the Huntley deposition, such permission should be granted. *See also* 28 U.S.C. § 1997e(f)(1) ("To the extent practicable, in any action brought with respect to prison conditions in Federal Court pursuant to Section 1983 of this title . . . by a prisoner confined to any jail, prison, or other correctional facility, pretrial proceedings in which the prisoner's participation is required or permitted shall be conducted by telephone, video conference or other telecommunications technology without removing the prisoner from the facility in which the prisoner is confined.") (underlining added).

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 49) for assignment of counsel is DENIED without prejudice; Plaintiff's motion (Dkt. 49) for permission to be present at the non-party deposition of Kerry Huntley is GRANTED in part and DENIED in part. Defendants shall make the necessary arrangements for Plaintiff's participation by telephonic conference call in the event such deposition is conducted consistent with the foregoing.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  February 20, 2019
       Buffalo, New York

Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court **not later than 14 days** after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).