UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL F. RAMSEY, #91-B-2334,

                                       Plaintiff,

v.

BRIAN FISCHER, MARK BRADT, MICHELLE
ARTUS, S. MICHALEK, L. CONNERS,
J. GOODRICH, V. HAWLEY, OFFICER
WAGNER, G. PRITCHARD, JOHN DOE #2,
AND J. KOVACS,

                                       Defendants.

**STIPULATION OF SETTLEMENT AND DISCONTINUANCE PURSUANT TO RULE 41(A)**

No. 14-CV-00147

---

WHEREAS, the parties hereto have agreed to settle this action pursuant to the provisions of Rule 41(a) of the Federal Rules of Civil Procedure; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the above-entitled action and the same hereby is discontinued on the merits, with prejudice, without costs to either party as against the other; and

WHEREAS, the New York State Department of Corrections and Community Supervision ("DOCCS"), as the Agency having supervision of defendants Mark Bradt, Gary Pritchard, Lynn Conners, Justin Kovacs, and Eric Wagner (together, the "Defendants") alleged to have caused the injuries herein, has approved the settlement of this action under the terms and conditions set forth below; and

WHEREAS, Defendants do not admit any wrongdoing but approve settlement for the convenience of all interested parties; and

WHEREAS, the parties hereto have entered into this Stipulation of Settlement and Discontinuance, in connection with the settlement of this action; and

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned and/or the attorneys of record for all of the parties in the above-entitled action as follows:

1. That no person not a party has an interest in the subject matter, the above-entitled action be, and the same hereby is, settled upon payment of the sum of **TWO THOUSAND DOLLARS ($2000.00)**, discontinued with prejudice as to Defendants (Mark Bradt, Gary Pritchard, Lynn Conners, Justin Kovacs, and Eric Wagner). Payment shall be made to the plaintiff Michael Ramsey, DIN# 91-B-2334, and deposited in Mr. Ramsey's inmate account.

2. In exchange for the consideration set forth in paragraph 1, Plaintiff hereby releases the Defendants, in their individual and official capacities, and their heirs, executors, administrators and assigns and the State of New York and DOCCS, from any and all claims, liabilities and causes of action arising out of the facts and circumstances set forth in the complaint in the above-entitled action, including but not limited to claims relating to or arising out of any alleged violation of Plaintiff's constitutional rights, and all other causes of action and claims of liability.

3. In further exchange for the consideration set forth in paragraph 1, Plaintiff hereby waives, releases and forever discharges Defendants and any and all current of former employees of the DOCCS, in their individual and official capacities, and their heirs, executors, administrators and assigns and the State of New York and the DOCCS, from any and all claims,

known or unknown, arising out of the Plaintiff's Medicare eligibility for and receipt of Medicare benefits, and/or arising out of the provision of primary payment (or appropriate reimbursement), including cases of action pursuant to 42 U.S.C. §1395y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007.

4. That payment of the sum set forth in paragraph 1 is subject to the approvals of all appropriate State officials in accordance with the provisions for indemnification under Public Officers Law Section 17. Plaintiff agrees to execute and deliver to counsel for defendants all necessary or appropriate vouchers and other documents requested with respect to such payment.

5. That payment of the amounts referenced in paragraph 1 will be made within one hundred and twenty (120) days after the approval of this Stipulation of Settlement by the Court and receipt by Defendants' counsel of a copy of the so-ordered stipulation along with any further documentation as required to effectuate payment under this agreement, unless the provisions of Executive Law § 632-a apply to the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

6. That in the event that the aforementioned approvals in paragraph 4 of all appropriate State officials in accordance with the provisions for indemnification under Public Officers Law Section 17 are satisfied, but payment is not made within the 120 day or 150 day period set forth herein, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Executive Law § 632-a apply to plaintiff.

7. That each party shall bear its own costs and fees relating to this proceeding and the costs and fees shall be hereby waived by the parties against each other.

8. That nothing contained herein shall constitute an admission by Defendants (Mark Bradt, Gary Pritchard, Lynn Conners, Justin Kovacs, and Eric Wagner), individually or in their official capacity, that they deprived the plaintiff, Michael Ramsey, of any right, and/or of failed to perform any duty under the Constitutions, Statues, Rules, Regulations or other laws of the United States or the State of New York.

9. That this Stipulation of Settlement and Discontinuance and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this Stipulation of Settlement and Discontinuance.

10. Plaintiff represents and warrants that he is not a Medicare recipient, has never been on Medicare or on Social Security Disability, that no conditional payments have been made by Medicare and that he does not expect to be a Medicare recipient within the next 30 months.

11. Plaintiff agrees that the Defendants, DOCCS and the State of New York shall not be responsible for any liens of any kind which may have attached to the proceeds from this settlement and further that plaintiff agrees he will defend, indemnify and hold harmless the Defendants, DOCCS, its officers, agents and employees and the State of New York for the satisfaction of any such liens.

12. In confirmation of the agreement herein, the parties and/or their representatives in this action set their signatures below.

Dated:     Fallsburg, New York
                May 15, 2019

                                          PLAINTIFF, *pro se*

                            By: _____
                                   MICHAEL F. RAMSEY
                                   DIN # 91-B-2334

_____
Notary Public

SHANNON L. GATH
Notary Public, State of New York
Registration No. 01GA6366961
Qualified in Ulster County
Commission Expires November 06, 2021

DATED:     Buffalo, New York
                May 21, 2019

                                     LETITIA JAMES
                                     Attorney General of the State of New York
                                     Attorney for Defendants

                          By: _____
                                   Joel J. Terragnoli
                                   Assistant Attorney General of Counsel
                                   Main Place Tower, Suite 300A
                                   350 Main Street
                                   Buffalo, NY 14202
                                   (716) 853-8419
                                   Joel.Terragnoli@ag.ny.gov

Dated:

SO ORDERED:

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　HON. LESLIE G. FOSCHIO
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge